EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## AT LEXINGTON

| | |
|---|---|
| IN RE CORRECTCARE DATA BREACH LITIGATION | Case No. 5:22-319-DCR |

## CLASS ACTION SETTLEMENT AGREEMENT

# KEY TERMS PAGE

| | |
|---|---|
| **Court:** | United States District Court for the Eastern District of Kentucky |
| **Defendant:** | CorrectCare Integrated Health, LLC |
| **Plaintiffs/Class Representatives:** | Virginia Hiley, Christopher Knight, Kyle Marks, and Marlena Yates |
| **Class Counsel:** | Lynn A. Toops of Cohen & Malad, LLP; Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; Benjamin F. Johns of Shub & Johns LLC; and J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC |
| **Settlement Administrator:** | Kroll Settlement Administration LLC |
| **Data Incident:** | The incident discovered by Defendant on or around July 6, 2022, and first publicly announced by Defendant on or around November 28, 2022, in which a server containing certain information (collectively, "**Personal Information**") of persons whose medical claims were processed by Defendant was exposed to, and may have been accessed by, unauthorized individuals. |
| **Settlement Class:** | All individuals whose Personal Information was compromised as a result of the Data Incident. |
| **Settlement Payment:** | $6,490,000.00 |
| **Out-of-Pocket Losses Maximum Payment Amount:** | See Plaintiffs' Plan of Allocation |
| **Alternative Cash Payment:** | See formula in Plaintiffs' Plan of Allocation |
| **California Additional Cash Payment:** | See formula in Plaintiffs' Plan of Allocation |
| **Cy Pres Recipient(s):** | American Civil Liberties Union Foundation, National Prison Project (100%) |
| **Costs of Notice and Administration:** | The fees and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Settlement Class Members who meet the Basic Claim Requirements, processing Proof of Claim and Release Forms, and paying escrow fees and costs, if any |
| **Attorneys' Fees and Expense Amounts:** **Service Award Amount:** | Amounts to be requested by Plaintiffs and any such approved amounts to be paid from the Settlement Fund |

## KEY TERMS PAGE

|  | Amounts to be requested by Plaintiffs and any such approved amounts to be paid from the Settlement Fund |
|---|---|
| **Release of Liability:** | Set forth in § 6 below |

## SCHEDULE OF DATES AND DEADLINES

Unless otherwise ordered by the Court, or agreed to by the parties in writing, the following dates and deadlines apply to the settlement process. All dates and deadlines will be calculated in conformity with Federal Rule of Civil Procedure 6(a).

| Event | Date/Deadline |
|---|---|
| **Date of Execution** | First date on which this agreement has been signed by all parties, as indicated on the signature page |
| **Deadline to Move for Preliminary Approval** | April 21, 2024 |
| **Deadline for providing notification to the appropriate state and federal officials pursuant to 28 U.S.C. § 1715** | Class counsel should cause its notice vendor to timely serve, on CorrectCare's behalf, proper notice of the proposed settlement upon those who are entitled to such notice pursuant to CAFA. |
| **Date of Preliminary Approval** | The day on which the Court enters the Preliminary Approval Order |
| **Deadline to Provide the Class List** | 21 days after Preliminary Approval Order |
| **Deadline to Fund the Settlement** | See § 4.1 below. |
| **Deadline to Send Notice** | 45 days after Preliminary Approval Order |
| **Deadline to File Motion for Fees, Expenses, and Service Awards** | 15 days before Deadline to Object |
| **Deadline to Object** | 60 days after Deadline to Send Notice |
| **Deadline to Opt-Out** | 60 days after Deadline to Send Notice |
| **Deadline to Report Opt-Outs** | 10 days after Deadline to Opt-Out |
| **Deadline to Terminate for Opt-Outs** | 3 days after Deadline to Report Opt-Outs |
| **Deadline to File Motion for Final Approval** | No later than 14 days before the Date of the Final Approval Hearing |
| **Date of the Final Approval Hearing** | To be set by the Court (Parties to request a date approximately 120 days after Preliminary Approval Order) |
| **Date of Final Approval** | The day on which the Court enters the Final Approval Order |
| **Effective Date** | The 31st day after the Final Approval Order has been entered, and the Court has entered the Judgment and Order of Dismissal that, *inter alia*, dismisses with prejudice the action, provided no objections are made and no appeal is filed by that date. Otherwise, the first day on which all appeals have been dismissed or all rights to appeal have been exhausted and the Final Approval Order has not been reversed.<br><br>"Judgment and Order of Dismissal" means the judgment and order of dismissal with prejudice to be rendered by the Court upon |

## SCHEDULE OF DATES AND DEADLINES

|  |  |
|---|---|
|  | approval of the Settlement, in substantially the form of Exhibit F attached hereto, or such other substantially similar form agreed to by the Parties. |
| **Deadline to Pay Fees and Expenses** | 7 days after Date of Final Approval |
| **Deadline to Pay Service Awards** | 7 days after Effective Date |
| **Deadline to Submit Claims** | 120 days after Preliminary Approval Order |
| **Deadline to Process Claims** | 21 days after Deadline to Submit Claims |
| **Deadline to Cure Claim** | 21 days after Deadline to Process Claims |
| **Deadline to Pay Valid Claims** | 30 days after Deadline to Cure Claim |
| **Date Settlement Checks Expire** | 120 days after issuance |

1.    **Recitals.**

On December 7, 2022, Virginia Hiley filed a class action complaint against Defendant in the Court, under Civil Action No. 5:22-319-DCR, alleging claims against Defendant relating to the Data Incident.

On December 8, 2022, Marlena Yates filed a separate class action complaint in the Fayette Circuit Court of the Commonwealth of Kentucky against Defendant, alleging claims against Defendant relating to the Data Incident.

On February 1, 2023, Defendant removed the action filed by Marlena Yates from the Fayette Circuit Court of the Commonwealth of Kentucky to this Court, under Civil Action No. 5:23-021-DCR.

On February 20, 2023, an unopposed motion was made to consolidate the two actions, which the Court granted on March 1, 2023.

On March 24, 2023, a Consolidated Amended Class Action Complaint was filed by Virginia Hiley, Christopher Knight, Kyle Marks, A.G. and Marlena Yates against Defendant, alleging the following claims against Defendant relating to the Data Incident: negligence, negligence *per se*, breach of implied contract, unjust enrichment, breach of fiduciary duty, breach of confidence, intrusion upon seclusion/invasion of privacy, declaratory judgment, violations of the California Consumer Privacy Act of 2018, violations of the California Confidentiality of Medical Information Act, violations of the California Consumer Records Act, violations of the Georgia Unfair Business Practices Act, violations of the Louisiana Unfair Trade Practices and Consumer Protection Law, and violations of the South Carolina Unfair Trade Practices Act.

On May 8, 2023, Defendant filed a motion to dismiss. A response was filed on June 22, 2023, and a reply was filed on July 24, 2023.

On March 19, 2023, Anthony Oliver, Reginald Priddy, and Anthony Williams filed a class action complaint against Defendant in the United States District Court, Northern District of Georgia, Atlanta Division under Civil Action No. 1:23-cv-01168-AT, alleging Defendant was liable for the Data Incident (the "Oliver Action").  On July 19, 2023, the Court in the Northern District of Georgia entered an order transferring the Oliver Action to the United States District Court for the Eastern District of Kentucky, where the matter was assigned to the Court. On August 15, 2023, the Court entered an order consolidating the Oliver Action with the Hiley Action (together, the "Actions").

On August 7, 2023, the Court entered an order granting a joint motion to stay the action while the parties mediated.

On December 7, 2023, the parties participated in a full day mediation with mediator Bennett G. Picker, who has extensive experience mediating data breach class actions. The mediation concluded with Mr. Picker making a double-blind mediator's proposal, which the parties subsequently accepted.

On January 30, 2024, the parties filed a Joint Status Report with the Court advising of the settlement in principle. That same day, the Court denied Defendant's motion to dismiss without prejudice, as moot, and ordered the parties to file a motion for preliminary approval on or before March 1, 2024.

The parties thereafter negotiated the detailed terms of this agreement.

**2.      CorrectCare's Denials of Wrongdoing and Liability.**

CorrectCare has consistently denied and continues to deny that it has violated any laws and maintains that its conduct was at all times proper and in compliance with all applicable provisions of law in all material respects. CorrectCare has denied and continues to deny specifically each and all of the claims and contentions of wrongful conduct alleged in the Actions, along with all charges of wrongdoing or liability against it arising out of any of the conduct alleged, or that could have been alleged, in the Actions.

**3.      Incorporation of Key Terms, Schedule, Recitals, and Exhibits.**

This agreement expressly incorporates the preceding Key Terms Page, Schedule of Dates and Deadlines, Recitals, and references the following exhibits:

Exhibit A – the "**Summary Notice**"

Exhibit B – the "**Detailed Notice**"

Exhibit C – the "**Claim Form**"

Exhibit D – the "**Preliminary Approval Order**"

Exhibit E – the "**Final Approval Order**"

Exhibit F -   "**Plaintiffs' Proposed Plan of Allocation of the Net Settlement Fund**"

Exhibit G – the "**[Proposed] Final Judgment and Order of Dismissal**"

**4.      The Settlement Fund.**

**4.1.      Defendant to Pay Cash Settlement Fund**

Pursuant to the below schedule, Defendant will pay the $6,490,000 Settlement Payment to the Settlement Administrator to be held as a common fund

(the "**Settlement Fund**") in an interest-bearing escrow account. All interest on the funds in the Escrow Account shall accrue to the benefit of the Settlement Class. The Settlement Fund will be *in custodia legis* of the Court and will remain subject to the Court's jurisdiction until distributed. The Settlement Fund must be used only to make payments pursuant to this agreement or otherwise ordered by the Court. The Settlement Fund shall be held in a "Qualified Settlement Fund" pursuant to Treasury Regulation § 1.468B-1(c)(1).

1. **30 days after preliminary approval:** CorrectCare to fund settlement with $500,000, which amounts shall only be used for administrative costs of the settlement.

2. **By August 28, 2024:** CorrectCare to pay $3 million

3. **28 days after the Effective Date:** CorrectCare to pay remaining $2.9 million

The Settlement Fund shall be applied only as follows: (1) to pay all class notice and administration expenses; (2) to pay the taxes and tax expenses; (3) to pay any attorneys fees and expenses subject to the approval of the Court; (4) to pay any service award subject to the approval of the Court; and after the Effective Date, to distribute the Net Settlement Fund to authorized Claimants pursuant to the Stipulation and Plaintiffs' Plan of Allocation, as approved by the Court.

Except as required by this Paragraph 4.1 concerning payment of the Settlement Payment, and except as provided in Paragraphs 4.2 concerning refund upon termination of the Settlement, CorrectCare shall have no responsibility for any other costs, including any attorneys' fees and expenses or costs of class notice and claims administration, but all such fees, expenses, and costs shall be paid from the Settlement Fund, as approved by the Court.

### 4.2.   Refund upon Termination of Settlement

In the event the Settlement: (i) is not approved; (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment and Order of Dismissal is reversed or vacated following any appeal taken therefrom; or (iii) is successfully collaterally attacked, the Settlement Fund (including accrued interest) less up to $150,000 in expenses actually incurred or due and owing for Costs of Notice and Administration, taxes, or tax expenses shall be refunded to CorrectCare. CorrectCare shall have no right to seek reimbursement from any Person for the expenses actually incurred or due and owing for Costs of Notice and Administration, taxes, or tax expenses.

### 4.3. Class Members to Be Paid from the Net Settlement Fund in Accordance with Plaintiffs' Plan of Allocation

The "**Net Settlement Fund**" is the amount remaining in the Settlement Fund after payment of the Costs of Notice and Administration and payment of all Court-approved attorneys' fees, expenses, and service awards. The Net Settlement Fund will be used to provide the benefits listed in this section, in accordance with the Plan of Allocation developed by Plaintiffs' Counsel and attached hereto as Exhibit F. These amounts  will be available, as applicable, to any person who is a member of the Settlement Class and who does not submit a valid and timely request to be excluded as provided in the Detailed Notice (each such person, a "**Class Member**").

## 5. Claims Processing and Provision of Settlement Benefits.

### 5.1. Settlement Administrator's Duties and Discretion in Processing Claims.

The Settlement Administrator will be responsible for collecting and processing all Claim Forms, whether submitted by mail or through the Settlement Website. The Settlement Administrator may consult with Class Counsel in making determinations as to any claim, but the Settlement Administrator has the sole discretion to determine, in good faith and under the terms of this agreement, whether any claim is timely, whether any claim is complete or deficient, and whether any claim is valid, including whether documentation is sufficient to support any claim for Out-of-Pocket Losses. If the Settlement Administrator identifies a deficiency in the information provided for any claim, the Settlement Administrator must follow the procedures in Section 4.3 to allow the Class Member a chance to cure the deficiency.

In no case shall any notice of settlement include the logos of CorrectCare or the products or services it sells, disparage CorrectCare, or otherwise suggest that the settlement is an admission of liability or damages

### 5.2. Determining the Validity of Claims.

In order for any claim to be valid, the following requirements must be met (all three of these requirements, collectively the "**Basic Claim Requirements**"): (i) the claim must be submitted by a Class Member or the Class Member's authorized legal representative; (ii) the information required to process the claim on the Claim Form must have been completed; and (iii) the original claim must have been submitted on or before the Deadline to Submit Claims.

A claim for an Alternative Cash Payment will be valid so long as it meets the Basic Claim Requirements. No additional documentation will be required to be submitted for an Alternative Cash Payment if the Class Member is on the Class List that will be used for notice purposes.

DocuSign Envelope ID: E7F03226-578D-4C23-AFC1-AFF1EDBEEA62

A claim for a California Additional Cash Payment will be valid so long as it meets the Basic Claim Requirements and the Class Member for whom the claim has been submitted is listed as having been a California resident on the Class List.

A claim for Out-of-Pocket Losses will be valid so long as it meets the Basic Claim Requirements and is accompanied by written documentation of the loss sufficient to satisfy the Settlement Administrator that the loss is fairly traceable to the Data Incident.

No later than the Deadline to Process Claims, the Settlement Administrator must process Claim Forms to determine whether the claim is, in whole or in part, valid, invalid, or deficient.

### 5.3.  Processing Deficient Claims and Opportunity to Cure.

If the Settlement Administrator determines that any Claim Form that has been submitted is deficient or that additional documentation or information is necessary to determine the validity of the claim, the Settlement Administrator shall promptly provide the person submitting the Claim Form with notice of the deficiency and request that the person provide the information or documentation necessary to process the Claim Form and to determine the validity of the claim. Failure of the person to provide the requested information by the Deadline to Cure Claims may result in denial of the claim, or part of it, by the Settlement Administrator. CorrectCare will have no involvement in reviewing or challenging claims.

Except as otherwise provided or ordered by the Court, all Settlement Class Members who fail to meet the Basic Claim Requirements shall be forever barred from receiving any payments pursuant to the Agreement, but will in all other respects be subject to and bound by the provisions of the Agreement, the releases contained herein, and the Judgment and Order of Dismissal.

### 5.4.  Payment of Valid Claims.

Following the Effective Date, the Settlement Administrator must calculate and pay the valid claims (by check or by other payment means agreed to by the parties). The Net Settlement Fund will be utilized for providing the all payments necessary to provide the benefits deemed valid by the Settlement Administrator within the Deadline to Pay Valid Claims.

In computing payment amounts for Alternative Cash Payments and California Additional Cash Payments, the Settlement Administrator has authority to round payments to the nearest cent. If the total of all payments to be made exceeds the amount of the Net Settlement Fund, the Settlement Administrator shall randomly reduce a sufficient number of payments by one cent until the payments no longer exceed the Net Settlement Fund.

The Settlement Administrator shall report to Class Counsel and Defendant on a periodic basis, or as requested, regarding the status of valid, invalid, and deficient claims.

No Person shall have any claim against Plaintiffs, Class Counsel, Released Parties, CorrectCare, CorrectCare's counsel, or the Settlement Administrator based on distributions made substantially in accordance with this Agreement or otherwise as further ordered by the Court. This provision does not include any claim by any party for breach of this Agreement.

## 6. Releases.

"Released Claims" means the Released Class Claims and the Released CorrectCare Parties' Claims.

"Released Class Claims" means that upon final judicial approval of the settlement, Plaintiffs and the Settlement Class members will release and covenant not to sue CorrectCare and each of CorrectCare's past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors, agents, attorneys, legal or other representatives, insurers (including reinsurers and co-insurers), assigns, assignees, and current and former employees, officers, directors, and shareholders of any of the foregoing entities (the "Released CorrectCare Parties"), to the fullest extent that the law permits their release, with respect to any and all manner of claims, including Unknown Claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, and damages, whenever incurred, and liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, which the Plaintiffs and each of the Settlement Class members ever had, now have, or hereafter can, shall or may have, whether individually, representatively, derivatively, or in any other capacity, arising from or relating in any way to the Data Incident.

"Released Class Parties" and "Releasing Class Parties" means each of the Plaintiffs and each Settlement Class member.

"Released CorrectCare Parties," or "Releasing CorrectCare Parties" means CorrectCare and each of CorrectCare's past or present direct and indirect parents (including holding companies), subsidiaries, affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), divisions, joint ventures, predecessors, successors, agents, attorneys, legal or other

DocuSign Envelope ID: E7F03226-578D-4C73-AFC1-AFF1EDBEEA68

representatives, insurers (including reinsurers and co-insurers), assigns, assignees, and current and former employees, officers, directors, and shareholders of any of the foregoing entities.

"Released Parties" means Released CorrectCare Parties and Released Class Parties.

"Releasing Parties" means the Releasing CorrectCare Parties and the Releasing Class Parties."

"Unknown Claims" means any and all Released Claims against the Released Parties which Releasing Parties do not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by the Releasing Parties or Released Parties might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the parties stipulate and agree that, by operation of the Judgment and Order of Dismissal, upon the Effective Date, Releasing and Released Parties shall have expressly waived, and each Settlement Class Member shall be deemed to have waived and by operation of the Judgment and Order of Dismissal shall have expressly waived, the provisions, rights, and benefits of Cal. Civ. Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

and any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code Section 1542. The Releasing Parties and Released Parties may hereafter discover facts other than or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims. Nevertheless, the Releasing Parties shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member upon the Effective Date shall be deemed to have and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all of their respective Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge that the inclusion of Unknown Claims in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

Upon the Effective Date, Plaintiffs and each of the Settlement Class members shall be deemed to have, and by operation of the Judgment and Order of Dismissal

shall have, fully, finally, and forever released, relinquished, and discharged against the CorrectCare Released Parties (whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release Form) any and all Released Class Claims (including, without limitation, Unknown Claims). Claims to enforce the terms of this Agreement are not released. The Released CorrectCare Parties and Plaintiffs acknowledge, and each of the Settlement Class members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part. The releases set forth herein are to be construed pursuant to New York law, including N.Y. General Obligations Law Section 15-108, which bars claims for contribution by joint tortfeasors and other similar claims. It is an express and material condition of this Agreement that it is intended to absolve the Released CorrectCare Parties of any claims for contribution, indemnification or similar claims from any Person, arising out of or related to the Released Claims, in the manner and to the fullest extent permitted under the law of New York or any other jurisdiction that might be construed or deemed to apply to any claims for contribution, indemnification or similar claims against any of the Released CorrectCare Parties. The Judgment and Order of Dismissal shall, to the extent not prohibited by law, contain a bar on such claims for all or a portion of any amounts paid or awarded in the Action by way of settlement, judgment, or otherwise.

Upon the Effective Date, Plaintiffs and each of the Settlement Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance, prosecution, or enforcement of any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Class Claims against the Released CorrectCare Parties and any claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Actions or the Released Class Claims, except for claims relating to the enforcement of the Settlement.

Upon the Effective Date, each of the Releasing CorrectCare Parties shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class members, and Class Counsel from any and all Released CorrectCare Parties' Claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Class Claims, except for claims relating to the enforcement of the Settlement. The Releasing CorrectCare Parties, Plaintiffs, and Class Counsel acknowledge, and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights, and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

7. **Process for Court Approval of Settlement.**

This entire agreement is contingent on the parties obtaining Court approval of the agreement.

### 7.1. Preliminary Approval.

No later than the Deadline to Move for Preliminary Approval, the Class Representatives must move the Court to enter the Preliminary Approval Order. Defendant will not oppose the motion, including not opposing class certification for purposes of settlement.

### 7.2. Preparation of the Class List.

No later than the Deadline to Provide the Class List, Defendant must provide the Settlement Administrator with the reasonably available information concerning the Class Members gathered for purposes of providing notice of the incident (the "**Class List**"). Before sending notice, the Settlement Administrator must update the addresses provided using the United States Postal Service's National Change of Address service.

### 7.3. Notice to Members of the Settlement Class.

No later than the Deadline to Send Notice, the Settlement Administrator must do all of the following:

(a) Establish at a URL agreed to by Class Counsel and Defendant's Counsel (the "**Settlement Website**") and post the Detailed Notice and the Claim Form to the Settlement Website, along with any other case documents requested to be posted by Class Counsel;

(b) Establish a toll-free number and an e-mail address at which members of the Settlement Class may obtain information or contact the Settlement Administrator;

(c) E-mail the Summary Notice to all persons on the Class List for whom an email address is provided; and

(d) Mail the Summary Notice by United States mail to all other persons on the Class List to whom the Settlement Administrator does not send an email and for whom a mailing address is available.

If any emailed Summary Notice is returned as undeliverable, the Settlement Administrator must promptly cause the Summary Notice to be mailed to that member of the Settlement Class. If any mailed Summary Notice is returned as undeliverable with a forwarding address then the Settlement Administrator must

promptly cause the Summary Notice to be forwarded by mail to the listed forwarding address. If any mailed Summary Notice is returned as undeliverable without a forwarding address then the Settlement Administrator must attempt to locate the correct address through a reasonable search and must promptly forward the Summary Notice to the address obtained from the search, if any.

The Costs of Notice and Administration will be paid as set forth on the Key Terms Page.

### 7.4.    Right of Members of the Settlement Class to Opt-Out.

Any member of the Settlement Class may choose to be excluded from the Settlement Class by complying with the requirements to opt-out set forth in the Detailed Notice no later than the Deadline to Opt-Out. Any person who submits a valid and timely request to opt-out will be excluded from the settlement and will not be bound by any of its terms, including the release. Any member of the Settlement Class who does not submit a valid and timely opt-out will be bound by the Settlement. No later than the Deadline to Report Opt-Outs, the Settlement Administrator must report all opt-outs it has received to Class Counsel and counsel for Defendant.

### 7.5.    Right of Class Members to Object.

Any Class Member may object to the Settlement by complying with the requirements to submit an objection set forth in the Detailed Notice no later than the Deadline to Object. The Parties and their respective counsel agree that they will make no effort to suggest, solicit, facilitate, or otherwise encourage potential Settlement Class Members to exclude themselves from the Settlement.

### 7.6.    Final Approval.

At the final approval hearing, the Class Representatives and Defendant must move the Court to enter the Final Approval Order.

### 7.7.    Effective Date.

This agreement will become effective and binding on the Effective Date.

## 8.    Attorneys' Fees, Expenses, and Service Awards

No later than the Deadline to File Motion for Fees, Expenses, and Service Awards, Class Counsel shall file a motion with the Court for consideration at the Final Approval hearing seeking to be paid attorneys' fees, plus expenses, plus service awards. All such requested amounts will be disclosed in the notices provided to members of the Settlement Class. Settlement Class. Attorneys' fees, expenses, and costs, and interest awarded by the Court (the "Fee and Expense Award") to Plaintiffs' Counsel shall be paid solely from the Settlement Fund.

No later than the Deadline to Pay Fees and Expenses, the Settlement Administrator must pay Class Counsel the amounts awarded by the Court for attorneys' fees and expenses from the source listed on the Key Terms Page.

No later than the Deadline to Pay Service Awards, the Settlement Administrator must pay Class Counsel the amounts awarded by the Court for service awards from the source listed on the Key Terms Page, and Class Counsel must promptly forward the payment to the recipients awarded by the Court.

In the event that the Effective Date does not occur, or the order making the Fee and Expense Award is reversed or modified by final non-appealable order, or if this Agreement is cancelled or terminated for any reason, and in the event any part of the Fee and Expense Award has been paid, then Plaintiffs' Counsel shall, in an amount consistent with such reversal, modification, cancellation, or termination, refund such fees or expenses to the Settlement Fund, plus interest earned thereon at the same rate as earned on the Settlement Fund, within thirty (30) days from receiving notice from CorrectCare's counsel or from a court of competent jurisdiction.

The Released CorrectCare Parties shall not have any responsibility for or liability with respect to the payment of any Fee and Expense Award to any Plaintiffs' Counsel, or with respect to the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

## 9.    Conditions of Settlement and Effect of Disapproval, Cancellation.

Defendant is entering into this agreement solely to compromise and settle the lawsuit and to avoid the expense and uncertainty of continued litigation. This agreement and any documents related to it shall not be construed as any admission of liability or any type of wrongdoing or misconduct or of any fact whatsoever, and Defendant expressly denies any wrongdoing, misconduct, or liability in the lawsuit. The parties agree that Defendant shall have no liability with respect to the Plan of Allocation developed by Plaintiffs' Counsel and attached hereto as Exhibit F.

The Released CorrectCare Parties, Plaintiffs, Settlement Class Members, and Plaintiffs' Counsel may file the Agreement and/or the Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim, or in connection with any proceeding to enforce the terms of this Agreement.

Plaintiffs, through Class Counsel, and CorrectCare, through CorrectCare's counsel, shall, in each of their separate discretions, have the right to terminate the Settlement set forth in this Settlement Agreement by providing written notice of

13

their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) days of the date on which: (i) the Court enters an order declining to enter the Preliminary Approval Order in any material respect; (ii) the Court enters an order refusing to approve this Settlement Agreement or any material part of it; (iii) the Court enters an order declining to enter the Judgment and Order of Dismissal in any material respect; or (iv) the Judgment and Order of Dismissal is modified or reversed by a court of appeal or any higher court in any material respect. Notwithstanding this paragraph, the Court's determination as to the any award of attorneys' fees or expenses, service award, or allocation plan, or any determination on appeal from any such order, shall not provide grounds for termination of this Settlement Agreement or Settlement.

If this agreement fails to become effective, or is voided, for any reason, then: (i) no act, statement, or filing in furtherance of this agreement may be used to support or oppose the certification of any class in the lawsuit; (ii) all the parties to this agreement shall be returned to the same position in the lawsuit that they were in on the day before the Date of Execution; and (iii) the Parties shall not forfeit or waive any factual or legal claim, defense, or contention in the Actions, including as to certification of any class in this lawsuit.

## 10. Additional Terms

### 10.1. Agreement to Effectuate This Settlement

The Class Representatives, Class Counsel, Defendant, and Defendant's counsel agree to undertake their best efforts to effectuate this Settlement Agreement, including: (i) all steps that may be appropriate or necessary to secure the Court's preliminary and final approvals and entry of the Preliminary Approval Order and the Final Approval Order; and (ii) all steps that may be appropriate or necessary to oppose any challenges to or appeals from the Court's orders approving this agreement.

### 10.2. Authority and Binding Effect

Class Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Agreement to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Agreement on behalf of the Settlement Class which they deem appropriate.

The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

### 10.3. Integration Clause

This agreement, and all exhibits to it, constitute the entire agreement between the parties and can be modified only in writing. This agreement, and all

exhibits to it, constitute the entire agreement between the parties, and supersede any prior understandings, agreements, or representations by or between the parties, written or oral, to the extent they relate in any way to the subject matter of this agreement. The agreement is an integrated agreement, and no promise, inducement, or agreement separate from this agreement has been made to the parties. The terms of this agreement, and all exhibits to it, are binding upon and inure to the benefit of each of the parties and their respective successors, heirs, and assigns.

### 10.4.  Execution in Counterparts and by Electronic Signature

This agreement may be executed in counterparts, and each counterpart, when executed, shall be deemed to be an original. Parties may sign by electronic signature, such as DocuSign.

### 10.5.  No Construction Against the Drafter

Each party has participated in negotiating and drafting this agreement through counsel, so if an ambiguity or question of intent or interpretation arises, this agreement is to be construed as if the parties had drafted it jointly, as opposed to being construed against a party. Further, each party represents that they have each read this agreement and are fully aware of and understand all of its terms and the legal consequences thereof. The parties represent that they have consulted or have had the opportunity to consult with and have received or have had the opportunity to receive advice from legal counsel in connection with their review and execution of this Settlement Agreement.

### 10.6.  Choice of Law, Forum, and Stipulation to Jurisdiction

This agreement, and all exhibits to it, shall be governed by the laws of the Commonwealth of Kentucky, and the parties to this Settlement Agreement stipulate that the Court has personal jurisdiction over them for purposes of administering, interpreting, and enforcing this agreement. All proceedings relating to the administration, interpretation, and enforcement of this agreement and related documents must be brought in the Court.

[Remainder of this page intentionally left blank]

## 11.   Signatures

Each party is signing as of the date indicated next to that party's signature.

Dated: 4/22/2024

**CorrectCare Integrated Health, LLC**

By: _Thomas J. Georgouses_
Thomas J. Georgouses

Its: General Counsel

Dated: 4/22/2024

**Counsel for CorrectCare Integrated Health, LLC**

By: _____
Devin S. Anderson
Kirkland & Ellis LLP

Dated: 4/22/2024

**Class Counsel**

By: _Lynn Toops_
Lynn A. Toops
Cohen & Malad, LLP

By: _Gary Klinger_
Gary M. Klinger
Milberg Coleman Bryson Phillips Grossman, PLLC

By: _Benjamin Johns_
Benjamin F. Johns
Shub & Johns LLC

By: _____
J. Gerard Stranch, IV
Stranch, Jennings & Garvey, PLLC

[Remainder of this page intentionally left blank]

# EXHIBIT A
# (SUMMARY NOTICE)

DocuSign Envelope ID: E7F03226-578D-4C73-AFC1-AFF1EDBEEA68

**A proposed Settlement has been reached in a class action lawsuit known as *In Re CorrectCare Data Breach Litigation*, Case No.: 5:22-319-DCR, ("Litigation"), filed in the United States District Court Eastern District of Kentucky.**

**What is this about?** This case is known *In Re CorrectCare Data Breach Litigation*, Case No. 5:22-319-DCR, filed in the United States District Court Eastern District of Kentucky. The Persons who sued are called the "Plaintiffs" or "Class Representatives" and the company they sued, CorrectCare Integrated Health, LLC, is known as the "Defendant" in this case. Plaintiffs filed a lawsuit against Defendant, individually, and on behalf of anyone whose Personal Information was potentially impacted as a result of the Data Incident. This litigation arises out of a Data Incident, discovered by Defendant on or around July 6, 2022, and first publicly announced by Defendant on or around November 28, 2022, in which a server containing certain information of persons whose medical claims were processed by Defendant was exposed to, and may have been accessed by, unauthorized individuals. Defendant denies any wrongdoing.

**Who is a Class Member?**

The Settlement Class comprises all individuals identified on the Class List whose Personal Information was compromised as a result of the Data Incident.

**What are the benefits?** The Settlement provides the following benefits form a Settlement Fund of $6, 4900,000:
• Reimbursement for Out-of-Pocket Losses: Class Members may make a claim for unreimbursed out-of-pocket expenses incurred, up to $10,000 per claimant, that are fairly traceable to the Data Incident, including but not limited to: (i) bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), miscellaneous qualified expenses subject to explanation, such as postage, notary, fax, copying, mileage, and/or gasoline for local travel; (ii) fees for credit reports, credit monitoring, and/or other identity theft insurance product purchased between the date of the Data Incident and <<the Deadline to Submit Claims>>; (iii) actual fraud that occurred between the date of the Data Incident and the Deadline to Submit Claims. Class Members submitting claims for Out-of-Pocket Losses must submit documentation supporting their claims by an attestation under penalty of perjury.
• Alternative Cash Payment: In the alternative of a payment for Out-of-Pocket Losses, the Settlement Administrator will make Settlement payments, based on a formula detailed in the Settlement Agreement, from the Net Settlement Fund to each Class Member who submits a valid claim. If a claim for Out-of-Pocket Losses is determined by the Settlement Administrator as not valid or is valid for only an amount less than the Alternative Cash Payment Amount, then the claim shall be treated as a valid claim for the Alternative Cash Payment, rather than for Out-of-Pocket Losses.
• California Additional Cash Payment: Any Class Member who is identified on the Class List as being eligible to receive a California Cash Payment will automatically also receive a California Additional Cash Payment upon submission of a valid claim for either Out-of-Pocket Losses or for an Alternative Cash Payment, in an amount equal to one-half of the Alternative Cash Payment amount, in addition to the Alternative Cash Payment.

DocuSign Envelope ID: E7F03226-578D-4C73-AEC1-AFF1EDBEEA68

• **How to make a claim**. You must file a Claim Form by mail postmarked by <<Deadline to Submit Claims>>, and mailed to the Settlement Administrator's address below, or online at www.xxxxxxxxxxxxxxx.com by << Deadline to Submit Claims>> to receive compensation from the Settlement.

**What are my other rights?**
• **Do Nothing**: If you do nothing, you remain in the Settlement. You give up your rights to sue but you will not get any compensation as a Class Member.
• **Exclude yourself**: You can get out of the Settlement and keep your right to sue about the claims in this Litigation, but you will not get any compensation from the Settlement. You must submit a valid and timely request to exclude yourself to the Settlement Administrator by **<<Deadline to Opt-Out>>**.
• **Object**: You can stay in the Settlement but tell the Court why you think the Settlement should not be approved. Your written objection must be submitted by **<<Deadline to Object>>**. You may also request to appear at the Final Approval Hearing.  Detailed instructions on how to file a Claim Form, exclude yourself, object, or appear at the hearing can be found on the Detailed Notice found on the Settlement Website. The Court will hold the Final Approval Hearing on **<<Final Approval Hearing Date>> at <<Time>> a.m. ET**, to consider whether the proposed Settlement is fair, reasonable, and adequate, to consider Class Counsel's attorneys' fees  of one-third of the Settlement Fund, reasonably incurred litigation expenses, plus a service award of $2,500 to each Class Representative, and to consider whether and if the Settlement should be approved. You may attend the hearing, but you don't have to.

This is only a summary. For additional information, including a copy of the Settlement Agreement, Detailed Notice, Claim Form, and other documents, visit the Documents section of the Settlement Website or call (XXX) XXX-XXXX. You may also contact the Settlement Administrator by writing to *In Re CorrectCare Data Breach Litigation,* c/o Kroll Settlement Administration LLC, PO Box XXXX, New York, NY 10150-XXXX.

# EXHIBIT B
# (DETAILED NOTICE)

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
## UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

*In Re CorrectCare Data Breach Litigation*, Case No. 5:22-319-DCR

**A Court has authorized this notice. This is not a solicitation from a lawyer.**

---

**If You Previously Received a Notice Stating You Were Impacted by the Defendant Data Incident, You Are Eligible to Receive Payments from a Class Action Settlement**

---

- If you are receiving this notice, you are eligible to receive a payment from a proposed $6,490,000 non-reversionary class action settlement (the "Settlement Fund"). To be eligible to make a claim, your information must have been impacted in the Data Incident perpetrated on CorrectCare Integrated Health, LLC ("Defendant"), discovered on or around July 6, 2022.
- The class action lawsuit concerns the incident discovered by Defendant on or around July 6, 2022, and first publicly announced by Defendant on or around November 28, 2022, in which a server containing certain information (collectively, "Personal Information") of persons whose medical claims were processed by Defendant was exposed to, and may have been accessed by, unauthorized individuals (the "Data Incident").
- Defendant denies any wrongdoing and denies that it has any liability but has agreed to settle the litigation on a class-wide basis.
- Class Members will be eligible to receive:

  - ❖ **Reimbursement for any Out-of-Pocket Losses as a result of the Data Incident; OR**
  - ❖ **Alternative Cash Payment, in lieu of the reimbursement for Out-of-Pocket Losses; AND**
  - ❖ **California Additional Cash Payment – if you are identified in the Class List as eligible to receive a California Additional Cash Payment, you will automatically receive such payment upon submission of a valid claim for either Out-of-Pocket Losses or for an Alternative Cash Payment.**

- To submit a claim visit **www.xxxxxxxxxxxxxxxx.com** or call **(XXX) XXX-XXXX** to request a Claim Form no later than **<<Deadline to Submit Claims>>.**
- For more information, visit **www.xxxxxxxxxxxxxxxx.com** or call **(XXX) XXX-XXXX.**
- **Please read this notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

| | Summary of Legal Rights | Deadline(s) |
|---|---|---|
| **Submit a Claim Form** | This is the only way to receive a payment from the Settlement. | Submitted or postmarked on or before **<<Deadline to Submit Claims>>** |
| **Exclude Yourself by Opting Out of the Class** | Receive no payment. This is the only option that allows you to keep your right to bring any other lawsuit against the Released CorrectCare Parties for the same claims. | Mailed and postmarked on or before **<<Deadline to Opt-Out>>** |
| **Object to the** | You can write the Court about why you agree or | Mailed and |

| Settlement and/or Attend the Final Approval Hearing | disagree with the Settlement. The Court cannot order a different Settlement. You can also ask to speak to the Court at the Final Approval Hearing on <mark>**<<Date of Final Approval Hearing>>,**</mark> about the fairness of the Settlement, with or without your own attorney. | postmarked on or before <mark>**<<Deadline to Object>>**</mark> |
| Do Nothing | Receive no payment from the Settlement.  Give up any right to bring any other lawsuit against the Released Parties for the same claims. | N/A |

- Your rights and options as a Class Member – **and the deadlines to exercise your rights** – are explained in this notice.
- The Court still will have to decide whether to approve the Settlement. Payments to Class Members will be made only if the Court approves the Settlement and after any possible appeals are resolved.

| **What This Notice Contains** |
| --- |

**Basic Information** ................................................................................................................. #

**Who is in the Settlement** ..................................................................................................... #

**The Settlement Benefits—What You Get if You Qualify** ................................................. #

**How Do You Submit a Claim** .............................................................................................. #

**Excluding Yourself from the Settlement** ........................................................................... #

**Objecting to the Settlement** ................................................................................................ #

**The Lawyers Representing You** ........................................................................................... #

**The Court's Final Approval Hearing** ................................................................................. #

**If You Do Nothing** ............................................................................................................... #

**Getting More Information** ................................................................................................... #

## BASIC INFORMATION

| 1.    Why is there a notice? |
| --- |

The Court authorized this notice because you have a right to know about the Settlement, and all of your options, before the Court decides whether to give "final approval" to the Settlement. This notice explains the nature of the litigation that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

Chief Judge Danny C. Reeves of the United States District Court Eastern District of Kentucky is overseeing this case captioned as *In re CorrectCare Data Breach Litigation*, Case No 5:22-319-DCR (E.D. Ky.).  The people who brought the litigation are called the Class Representatives. The company being sued, CorrectCare Integrated Health, LLC, is called the Defendant.

| 2.    What is the litigation about? |
| --- |

The litigation alleges the following claims against Defendant relating to the Data Incident: negligence, negligence per se, breach of implied contract, unjust enrichment, breach of fiduciary

duty, breach of confidence, intrusion upon seclusion/invasion of privacy, declaratory judgment, violations of the California Consumer Privacy Act of 2018, violations of the California Confidentiality of Medical Information Act, violations of the California Consumer Records Act, violations of the Georgia Unfair Business Practices Act, violations of the Louisiana Unfair Trade Practices and Consumer Protection Law, and violations of the South Carolina Unfair Trade Practices Act.

Defendant denies these claims and maintains it did nothing wrong. No court or other judicial entity has made any judgment or other determination that Defendant has done anything wrong.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called class representatives or representative plaintiffs sue on behalf of all people who have similar claims. Together, all of these people are called a class, and the individuals are called class members. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | Why is there a Settlement? |
|---|---|

The Court has not decided in favor of the Plaintiffs or Defendant.  Instead, both sides agreed to the Settlement. The settlement avoids the cost and risk of a trial and related appeals, while providing benefits to Class Members. The "Class Representatives" appointed to represent the Settlement Class, and the attorneys for the Class ("Class Counsel," see Question 18) think the Settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT?

| 5. | How do I know if I am part of the Settlement? |
|---|---|

You are affected by the Settlement and potentially a Class Member if your Personal Information was compromised as a result of the Data Incident and you are identified on the Class List.

You may also be a Class Member who is identified on the Class List as eligible for a California Additional Cash Payment if you make a valid claim for Out-of-Pocket Losses or an Alternative Cash Payment, and you will automatically receive such payment.

Only Class Members are eligible to receive benefits under the Settlement.  Specifically excluded from the Class are all persons who timely and validly request exclusion from the Settlement Class, the Judge assigned to evaluate the fairness of this Settlement, and any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

| 6. | What if I am not sure whether I am included in the Settlement? |
|---|---|

If you are not sure whether you are included in the Settlement, you may call (XXX) XXX-XXXX with  questions. You may also write with questions to:

*In Re CorrectCare Data Breach Litigation*
c/o Kroll Settlement Administration
P.O. Box xxxxx
New York, NY 10150-xxxx

## THE SETTLEMENT BENEFITS–WHAT YOU GET IF YOU QUALIFY

**7.   What does the Settlement provide?**

The Settlement provides that Defendant will fund the following payments up to a total of $6,490,000 (less Costs of Notice and Administration, Class Counsel's attorneys' fees and expenses, and service awards): (a) Reimbursement of Out-of-Pocket Losses (b) Alternative Cash Payment; and (c) California Additional Cash Payment. Note that in the event that the total claims exceed the $6,490,000 cap on payments to be made by Defendant, these benefits may be reduced *pro rata*.

After the distribution of Costs Notice and Administration, any applicable taxes and tax expenses, Class Counsel's attorneys' fees and expenses, service awards to the Class Representatives, and settlement benefits to claimants, the Settlement Administrator will make a *cy pres* payment subject to adjustment, out of any remaining funds to the American Civil Liberties Union Foundation, National Prison Project.

Payment of attorneys' fees, costs and expenses (see Question 19) and the Costs of Notice and Administration of the Settlement will also be  paid out of the Settlement Fund.

**8.   What payments are available for reimbursement under the Settlement?**

Class Members who submit a valid claim are eligible to receive:

a)  ***Out-of-Pocket Losses***: Class Members may make a claim for unreimbursed out-of-pocket expenses incurred, up to $10,000 per claimant, that are fairly traceable to the Data Incident, including but not limited to:
- bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), miscellaneous qualified expenses subject to explanation, such as postage, notary, fax, copying, mileage, and/or gasoline for local travel;
- fees for credit reports, credit monitoring, and/or other identity theft insurance product purchased between the date of the Data Incident and <<Deadline to Submit Claims>>;
- actual fraud that occurred between the date of the Data Incident and <<Deadline to Submit Claims>>.

If the amount of valid claims for Out-of-Pocket Losses exceeds the limit for all claimants under the Settlement, then each payment will be reduced *pro rata* until all payments total the limit for all claimants.

b)  ***Alternative Cash Payment***: In the alternative of a payment for Out-of-Pocket Losses, the Settlement Administrator will make Settlement payments, based on a formula detailed in the Settlement Agreement, from the Net Settlement Fund to each Class Member who submits a valid claim. If a claim for Out-of-Pocket Losses is determined by the Settlement Administrator as not valid or is valid for only an amount less than the Alternative Cash Payment amount, then the claim shall be treated as a valid claim for the Alternative Cash Payment, rather than for Out-of-Pocket Losses.
The Settlement Fund will pay all valid claims for an Alternative Cash Payment on a *pro rata* basis per claim for an Alternative Cash Payment, after deducting the amount of California Additional Cash Payments due.

c) ***California Additional Cash Payment***: Any Class Member who is identified on the Class List as being eligible to receive a California Additional Cash Payment will automatically also receive such Payment upon submission of a valid claim for either Out-of-Pocket Losses or for an Alternative Cash Payment, in an amount equal to one-half of the Alternative Cash Payment.

## HOW DO YOU SUBMIT A CLAIM?

### 9.    How do I get a benefit?

To receive a benefit under the Settlement, you must complete and submit a Claim Form online at www.xxxxxxxxxxxxxxxxxx.com, or by mail to In Re CorrectCare Data Breach Litigation, c/o Kroll Settlement Administration LLC, P.O. Box xxxxx, New York, NY 10150-xxxx.

Read the Claim Form instructions carefully, fill out the Claim Form, provide the required documentation, and submit online by <<Deadline to Submit Claims>> or by mail postmarked by << Deadline to Submit Claims>>.

### 10.    How will claims be decided?

The Settlement Administrator will decide whether and to what extent any claim made on each Claim Form is valid.  The Settlement Administrator may require additional information from you.  If you do  not provide the additional information in a timely manner, the claim will be considered invalid and  will not be paid.

In order for any claim to be valid, the following requirements must be met (all three of these requirements, collectively the "Basic Claim Requirements"):

(i)    the claim must be submitted by a Class Member or the Class Member's authorized legal representative;

(ii)    the information required to process the claim on the Claim Form must have been completed; and

(iii)    the original claim must have been submitted on or before <<Deadline to Submit Claims.>>

A claim for Out-of-Pocket Losses will be valid so long as it meets the Basic Claim Requirements and is accompanied by written documentation of the loss sufficient to prove to the Settlement Administrator that the loss is fairly traceable to the Data Incident.

A claim for an Alternative Cash Payment will be valid so long as it meets the Basic Claim Requirements.

A valid claim by a claimant who is identified on the Class List as being eligible to receive a California Additional Cash Payment will automatically also receive such payment.

The Settlement Administrator will process Claim Forms to determine whether the claim is, in whole or in part, valid, invalid, or deficient.

### 11.    When will I get my payment?

The Court will hold a hearing on <<DATE>>, at <<TIME>> a.m. ET to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from that decision and resolving them can take time, perhaps more than a year.  It also takes time for all of the Claim Forms to be processed. Please be patient.

DocuSign Envelope ID: E7F03226-578D-4C73-AFC1-AFF1EDBEEA68

| 12. | What am I giving up as part of the Settlement? |
|---|---|

The Released Parties get a release from all claims covered by this Settlement. Thus, if the Settlement becomes final and you do not exclude yourself from the Settlement, you will be a Class Member and you will give up your right to sue Defendants and other persons, including its insurers, and including but not limited to their current and former officers, directors, employees, attorneys and agents from all known and unknown claims, demands, damages, causes of action or suits seeking damages, or other legal or equitable relief arising out of or in any way related to the claims asserted or which could have been asserted in this lawsuit relating to the Data Incident.  This release is described in the Settlement Agreement, which is available at <mark>www.xxxxxxxxxxxxxxxxxx.com.</mark>  If you have any questions, you can talk to the law firms listed in Question 18 for free or you can talk to your own lawyer.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of the Settlement, then you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting out" of the Settlement Class.

| 13. | If I exclude myself, can I get a payment from this Settlement? |
|---|---|

No. If you exclude yourself, you will not be entitled to receive any benefits from the Settlement and you will not be bound by any Judgment.

| 14. | If I do not exclude myself, can I sue Released Parties for the same thing later? |
|---|---|

No.  Unless you exclude yourself, you give up any right to sue any Released Party for the claims that this Settlement resolves. You must exclude yourself from the Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.

| 15. | How do I exclude myself from the settlement? |
|---|---|

To exclude yourself, send a letter that says you want to be excluded from the Settlement in *In Re CorrectCare Data Breach Litigation*, Case No. 5:22-319-DCR (E.D. Ky.). The letter must: (a) state your full name, address, and telephone number; (b) contain your personal and original signature or the original signature of a person authorized by law to act on your behalf; and (c) state unequivocally your intent to be excluded from the Settlement.  You must mail your exclusion request postmarked by the Deadline to Opt-Out <mark>**<<Deadline to Opt-Out>>**</mark>, to:

*In Re CorrectCare Data Breach Litigation*
c/o Kroll Settlement Administration
P.O. Box <mark>XXXXX</mark>
New York, NY 10150-<mark>XXXX</mark>

## OBJECTING TO THE SETTLEMENT

| 16. | How do I tell the Court that I do not like the Settlement? |
|---|---|

You can tell the Court that you do not agree with the Settlement or some part of it by objecting to the Settlement. To object, you must mail your objection to the Clerk of the Court, Class Counsel and CorrectCare's counsel, at the mailing addresses listed below, postmarked by **no later** than the Deadline to Object, <mark>**<<Deadline to Object>>**</mark>:

| Court | CorrectCare's Counsel |
|---|---|

DocuSign Envelope ID: E7F03226-578D-4C73-AEC4-AFF1EDBEEA68

| United States District Court<br>Eastern District of Kentucky<br>101 Barr Street<br>Lexington, KY 40507<br>(859) 233-2503 | Devin S. Anderson<br>Kirkland & Ellis LLP<br>95 S. State St.<br>Salt Lake City, UT 84111 |
|---|---|
| **Class Counsel** | |
| Lynn A. Toops<br>Cohen & Malad, LLP;<br>**<<Address>>**<br><br>Gary M. Klinger<br>Milberg Coleman Bryson Phillips Grossman, PLLC;<br>**<<Address>>** | Benjamin F. Johns<br>Shub & Johns LLC; and<br>**<<Address>>**<br><br>J. Gerard Stranch, IV<br>Stranch, Jennings & Garvey, PLLC<br>**<<Address>>** |

Your objection must be written and must include all of the following: (i) your full name and address; (ii) the case name and docket number, *In Re CorrectCare Data Breach Litigation, Case No. 5:22-319-DCR (E.D. Ky.)*; (iii) information identifying you as a Class Member, including proof that you are a Class Member; (iv) a statement as to whether the objection applies only to you, to a specific subset of the Class, or to the entire Class; (v) a clear and detailed written statement of the specific legal and factual basis for each and every objection, accompanied by any legal support for the objection the objector believes applicable; (vi) the identity of any counsel representing you in connection with the objection; (vii) a statement whether you intend to appear at the Final Approval Hearing, either in person or through counsel; (viii) a list of all Persons who will be called to testify at the Final Approval Hearing in support of the objections and any documents to be presented or considered; and (ix) your signature or the signature of the your duly authorized attorney or other duly authorized representative (if any) representing you in connection with the objection.

## 17. What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like the Settlement and why you do not think it should be approved. You can object only if you are a Class Member. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and do not want to receive any payment from the Settlement. If you exclude yourself, you have no basis to object because you are no longer a Class Member, and the case no longer affects you. If you submit both a valid objection and a valid request to be excluded, you will be deemed to have only submitted the request to be excluded.

## THE LAWYERS REPRESENTING YOU

## 18. Do I have a lawyer in this case?

Yes. The Court appointed Lynn A. Toops of Cohen & Malad, LLP; Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; Benjamin F. Johns of Shub & Johns LLC; and J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC as Class Counsel to represent the Settlement Class in settlement negotiations. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 19. How will the lawyers be paid?

Class Counsel will ask the Court for an award for attorneys' fees up to one-third of the amount of

the Settlement Fund, plus reasonable expenses. Defendant has agreed to pay any award of attorneys' fees, costs and expenses up to those amounts, to the extent approved by the Court. This payment for attorneys' fees will be made out of the Settlement Fund. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

Class Counsel will also ask the Court for a service award up to $2,500 for each of the Class Representatives.

Any award for attorneys' fees, costs and expenses for Class Counsel, and for service awards to the Class Representatives must be approved by the Court. The Court may award less than the amounts requested. Class Counsel's papers in support of final approval of the Settlement will be filed no later than **<<Deadline to File Motion for Final Approval>>** and their motion for attorneys' fees, expenses, and service awards will be filed no later than **<<Deadline to File Motino for Fees, Expenses, and Service Awards>>** and will be posted on the Settlement Website.

## THE COURT'S FINAL APPROVAL HEARING

### 20.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at **<<TIME>> a.m. ET on <<DATE>>**, at the United States District Court Eastern District of Kentucky, 101 Barr Street, Lexington, KY 40507 or by remote or virtual means as ordered by the Court. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the request for an award of attorneys' fees and reasonable costs and expenses, as well as the request for Service Awards for the Class Representatives. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so Class Counsel recommends checking the Settlement Website **www.xxxxxxxxxxxxxxxx.com,** or calling **(XXX) XXX-XXXX**.

### 21.  Do I have to attend the hearing?

No. Class Counsel will present the Settlement Agreement to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to visit the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 16, the Court will consider it.

### 22.  May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file an objection according to the instructions in Question 16, including all the information required. Your objection must be **mailed** to the Clerk of the Court, Class Counsel and Defendants' Counsel, postmarked no later than **<<Deadline to Object>>.**

## IF YOU DO NOTHING

### 23.  What happens if I do nothing?

If you do nothing, you will not get any money from this Settlement. If the Settlement is granted final approval and the judgment becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant or other Released Parties based on any of the Released Claims.

## GETTING MORE INFORMATION

**24.  How do I get more information?**

This notice summarizes the Settlement. More details are in the Settlement Agreement  itself.  A copy of the Settlement Agreement is available at **www.xxxxxxxxxxxxxx.com**.  You may also call or email the Settlement Administrator with questions or to receive a Claim Form at (XXX) XXX-XXXX.

DocuSign Envelope ID: E7F03226-578D-4C73-AECL-AFF1EDBEEA62

# EXHIBIT C
# (CLAIM FORM)

DocuSign Envelope ID: E7F03226-578D-4C23-AECA-AFF1EDBEEA62

| | |
|---|---|
| **Your claim must be submitted online or postmarked by:** <br> **<< Deadline to Submit Claims>>** | **CLAIM FORM FOR CORRECTCARE DATA BREACH** <br><br> *In Re: CorrectCare Data Breach Litigation* <br> Case No.: 5:22-319-DCR <br> United States District Court Eastern District of Kentucky |

## GENERAL INSTRUCTIONS

If you received notice of this Settlement, the Settlement Administrator identified you as a Class Member who may have been involved in the Data Incident and were notified by CorrectCare Integrated Health, LLC that a server containing certain information (collectively, "Personal Information") may have been accessed by unauthorized individuals. You may submit a claim for Settlement compensation, outlined below. Please refer to the Detailed Notice posted on the Settlement Website, www.xxxxxxxxxxxxxxxxxxxx.com, for more information on submitting a Claim Form.

**To receive benefits from this Settlement, you must submit a Claim Form by <<Deadline to Submit Claims>>.**

This Claim Form may be submitted electronical*y* via the Settlement Website at www.xxxxxxxxxxxxxxx.com or completed and mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

*In Re: CorrectCare Data Breach Litigation*
*c/o* Kroll Settlement Administration LLC
PO Box XXXX
New York, NY 10150-XXXX

**You may submit a claim for the following benefits:**

1)     Compensation for Out-of-Pocket Losses: Class Members may make a claim for unreimbursed out-of-pocket expenses incurred, up to $10,000 per claimant, that are fairly traceable to the Data Incident, , including but not limited to: (i) bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), miscellaneous qualified expenses subject to explanation, such as postage, notary, fax, copying, mileage, and/or gasoline for local travel; (ii) fees for credit reports, credit monitoring, and/or other identity theft insurance product purchased between the date of the Data Incident and <<the Deadline to Submit Claims>>; (iii) actual fraud that occurred between the date of the Data Incident and <<the Deadline to Submit Claims>>. Class Members submitting claims for Out-of-Pocket Losses must submit documentation supporting their claims and an attestation under penalty of perjury, which is part of this Claim Form.

If the amount of valid claims for Out-of-Pocket Losses exceeds the limit for all claimants under the Settlement, then each payment will be reduced on a *pro rata* basis until all payments total the limit for all claimants.

OR

2)     Alternative Cash Payment: In the alternative of a payment for Out-of-Pocket Losses, the Settlement Administrator will make Settlement payments, based on a formula detailed in the Settlement Agreement, from the Net Settlement Fund to each Class Member who submits a valid claim. If a claim for Out-of-Pocket Losses is determined by the Settlement Administrator as not valid or is valid for only an amount less than the Alternative Cash Payment, then the claim shall be treated as a valid claim for the Alternative Cash Payment, rather than for Out-of-Pocket Losses.

The Settlement Fund will pay all valid claims for an Alternative Cash Payment on a *pro rata* basis per claim for an Alternative Cash Payment, after deducting the amount of California Additional Cash Payments due.

3)     California Additional Cash Payment: Any Class Member who is identified on the Class List as being eligible to receive a California Additional Cash Payment will automatically also receive such payment upon submission of a valid

claim for either Out-of-Pocket Losses or for an Alternative Cash Payment, based on a formula detailed in the Settlement Agreement.

## I.  PAYMENT SELECTION

If you would like to elect to receive your Settlement Payment through electronic transfer, please visit the Settlement Website and timely file your Claim Form. Valid claims submitted using a paper Claim Form will be paid by check.

## II.  CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

_____     _____
**First Name**                                                    **Last Name**

_____
**Address 1**

_____
**Address 2**

_____  ___  ___  ___ ___ ___ ___
**City**                                                              **State**           **Zip Code**

**Email Address (optional):** _____@_____

**Telephone Number: (** ____ ____ ____ **)** ____ ____ ____ - ____ ____ ____ ____

## III.  PROOF OF DATA INCIDENT SETTLEMENT CLASS MEMBERSHIP

☐      Check this box to certify that you are an individual who may have been involved in the Data Incident and were notified that their Personal Information may have been impacted as a result of the Data Incident.

Enter the Class Member ID Number provided on your Summary Notice:

**Class Member ID : 0 0 0 0 0** ____ ____ ____ ____ ____ ____ ____ ____

## IV. COMPENSATION FOR OUT-OF-POCKET LOSSES

All Class Members are eligible to recover compensation for up to $10,000 per claimant for Out-of-Pocket Losses incurred as a result of the Data Incident, including but not limited to:

     (i)      Bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), miscellaneous qualified expenses subject to explanation, such as postage, notary, fax, copying, mileage, and/or gasoline for local travel;

     (ii)      Fees for credit reports, credit monitoring, and/or other identity theft insurance product purchased between the date of the Data Incident and <<the Deadline to Submit Claims>>;

     (iii)      Actual fraud that occurred between the date of the Data Incident and <<the Deadline to Submit Claims.>>

**You must submit documentation to obtain this reimbursement.**

☐ I have attached documentation showing that the claimed losses were more likely than not caused by the Data Incident. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

| Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| Example: Identity Theft Protection Service | 0 7/17/2 0 (mm/dd/yy) | $50.00 | Copy of identity theft protection service bill |
| | ____/____/_____ (mm/dd/yyyy) | $_____._____ | |
| | ____/____/_____ (mm/dd/yyyy) | $_____._____ | |
| | ____/____/_____ (mm/dd/yyyy) | $_____._____ | |

## V. CASH FUND PAYMENT

By checking the below box, I choose an Alternative Cash Payment.

☐ I choose an Alternative Cash Payment in the alternative to reimbursement of Out-of-Pocket Losses.

## VI. CALIFORNIA CASH PAYMENT

If you are a Class Member identified on the Class List as eligible for such payment and make a valid claim for Out-of-Pocket Losses or for an Alternative Cash Payment, you will automatically also receive a California Cash Payment. The Settlement Administrator will pay each California Additional Cash Payment in an amount equal to one-half of the Alternative Cash Payment amount, in addition to the Alternative Cash Payment.

## VII. ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____          ____ ____ / ____ ____ / ____ ____ ____ ____
Signature                                                                                          Date

_____
Print Name

# EXHIBIT D
# (PRELIMINARY APPROVAL ORDER)

DocuSign Envelope ID: E7F03226-578D-4C73-AEC4-AFF1EDBEEA68

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## AT LEXINGTON

IN RE CORRECTCARE DATA BREACH
LITIGATION

Case No. 5:22-319-DCR

## <u>PRELIMINARY APPROVAL ORDER</u>

Plaintiffs, Virginia Hiley, Christopher Knight, Kyle Marks, and Marlena Yates, and Defendant, CorrectCare Integrated Health, LLC, have entered into a proposed Class Action Settlement Agreement (the "Settlement"). Plaintiffs have moved the Court to grant preliminary approval to the Settlement under Federal Rule of Civil Procedure 23(e), to approve the form and method for giving notice of the proposed Settlement to the Settlement Class, and to schedule a final approval hearing on the Settlement after the deadlines to object to, or opt out of, the Settlement have passed. Defendant does not oppose the motion.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.      Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement.

2.      This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Class Representatives and Defendant (the "Parties").

3.      The Court finds that the Court will likely be able to certify the proposed Settlement Class for purposes of entry of judgment, defined as:

DocuSign Envelope ID: E7F03226-578D-4C73-AEC4-AFF1EDBEEA62

All individuals whose Personal Information was compromised as a result of the Data Incident, as identified on the Class List.[1]

4.     Specifically, the Court finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) appear to be met:

    a.  The class is so numerous that joinder of all members is impracticable, as there are thousands of class members;

    b.  There are questions of law or fact common to the class based upon the claims raised in the lawsuit relating to the Data Incident that predominate over questions affecting only individual members;

    c.  The claims of the Class Representatives are typical of the claims of the Settlement Class as they arise from the Data Incident;

    d.  The Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to the Class and Class Counsel are experienced in complex class action litigation;

    e.  Questions of law or fact common to the Class Members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating this lawsuit.

5.     The Court finds that Plaintiffs are adequate Class Representatives and that Cohen & Malad, LLP; Milberg Coleman Bryson Phillips Grossman, PLLC; Shub & Johns LLC; Stranch, Jennings & Garvey, PLLC are competent Class Counsel. Therefore, the Plaintiffs listed above are appointed as the Class Representatives. Additionally, the Court finds that Lynn A. Toops of Cohen & Malad, LLP; Gary M.

---

[1] "Data Incident" means the incident discovered by Defendant on or around July 6, 2022, and first publicly announced by Defendant on or around November 28, 2022, in which a server containing certain information (collectively, "Personal Information") of persons whose medical claims were processed by Defendant was exposed to, and may have been accessed by, unauthorized individuals

DocuSign Envelope ID: E7F03226-578D-4C73-AEC4-AFF1EDBEEA62

Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; Benjamin F. Johns of

Shub & Johns LLC; and J. Gerard Stranch IV of Stranch, Jennings & Garvey, PLLC

are appointed as Class Counsel.

6.     The Court finds that the terms of the Settlement are within the range

of a fair, reasonable, and adequate compromise under the circumstances of this case.

Specifically, the Court finds that:

> (A) the Class Representatives and Class Counsel have adequately represented
> the Class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class appears adequate, taking into account:
> > (i) the costs, risks, and delay of trial and appeal;
> > (ii) the effectiveness of any proposed method of distributing relief to the
> > class, including the method of processing class-member claims;
> > (iii) the terms of the proposed award of attorney's fees, including timing
> > of payment; and
> > (iv) any agreement required to be identified under Rule 23(e)(3) (the
> > parties have identified none); and
> (D) the proposal treats class members equitably relative to each other.

7.     The Court therefore preliminarily approves the Settlement and directs

the parties to the Settlement Agreement to perform and satisfy the terms and

conditions that are triggered by such preliminary approval.

8.     The Court likewise approves the form and method of notice provided for

in the Settlement and finds that it complies with the applicable rules and the

requirements of Due Process. Specifically, the Court finds that the form and method

of notice (a) will constitute the best practicable notice to the Settlement Class; (b) are

reasonably calculated, under the circumstances, to apprise Settlement Class

Members of the pendency of the Litigation, the terms of the proposed Settlement, and

their rights under the proposed Settlement, including, but not limited to, their rights

to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States and Kentucky Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

9.     The Court appoints Kroll Settlement Administration LLC, as Settlement Administrator and orders the Settlement Administrator and the Parties to implement the notice program set forth in the Settlement.

10.     A final approval hearing (the "Final Approval Hearing") shall be held before the undersigned at _____ o'clock, on _____, 2024, at 101 Barr Street, Lexington, KY 40507, or via video or teleconference,   for the purpose of: (a) determining whether the Settlement Class should be finally certified for entry of judgment on the Settlement; (b) determining whether the Settlement Agreement is fair, reasonable, and adequate and should be finally approved; (c) determining whether a Final Approval Order should be entered; and (d) considering Class Counsel's application for an award of attorneys' fees and expenses. The Court may adjourn, continue, and reconvene the Final Approval Hearing pursuant to oral announcement without further notice to the Class, and the Court may consider and

grant final approval of the Settlement, with or without minor modification and without further notice to the Class.

11.     Members of the Settlement Class shall be afforded an opportunity to request exclusion from the Class. A request for exclusion from the Class must comply with the requirements for form and timing set forth in the Detailed Notice included in the Settlement. Members of the Settlement Class who submit a timely and valid request for exclusion shall not participate in and shall not be bound by the Settlement.  Members of the Settlement Class who do not timely and validly opt out of the Class in accordance with the Detailed Notice shall be bound by all determinations and judgments in the action concerning the Settlement.

12.     Class Members who have not excluded themselves shall be afforded an opportunity to object to the terms of the Settlement Agreement.  Any objection must comply with the requirements for form and timing set forth in the Detailed Notice included in the Settlement.

13.     Any Class Member who does not make his or her objection known in the manner provided in the Detailed Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement Agreement.

14.     Any request for intervention in this action for purposes of commenting on or objecting to the Settlement Agreement must meet the requirements set forth above, including the deadline for filing objections, and also must be accompanied by

DocuSign Envelope ID: E7F03226-578D-4C73-AEC4-AFF1EDBEEA68

any evidence, briefs, motions or other materials the proposed intervenor intends to offer in support of the request for intervention.

15.    Any lawyer intending to appear at the Final Approval Hearing must be authorized to represent a Class Member, must be duly admitted to practice law before this Court, and must file a written appearance.  Copies of the appearance must be served on Class Counsel and counsel for Defendant.

16.    Class Counsel shall file a motion for approval of the attorneys' fees, expenses, and service awards to be paid from the Settlement Fund, along with any supporting materials, on the deadline provided in the Settlement.

17.    If the Settlement does not become effective or is rescinded pursuant to the Settlement, the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the Class Representatives and Defendant, and all Orders issued pursuant to the Settlement shall be vacated.

18.    The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**SO ORDERED.**

Dated:                                    _____

Chief Judge Danny C. Reeves
United Stated District Court

DocuSign Envelope ID: E7F03226-578D-4C73-AFC1-AFF1EDBEEA62

# EXHIBIT E
# (FINAL APPROVAL ORDER)

DocuSign Envelope ID: E7F03226-578D-4C33-AEC5-AFF1EDBEEA68

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## AT LEXINGTON

|  |  |
|---|---|
| IN RE CORRECTCARE DATA BREACH LITIGATION | Case No. 5:22-319-DCR |

### FINAL APPROVAL ORDER

Plaintiffs, Virginia Hiley, Christopher Knight, Kyle Marks, and Marlena Yates, and Defendant, CorrectCare Integrated Health, LLC, have entered into a proposed Class Action Settlement Agreement (the "Settlement"). The Court previously granted preliminary approval to the Settlement, notice was issued to the Class Members, and the deadlines to opt out or object to the Settlement have now passed. Plaintiffs have moved the Court to grant final approval to the Settlement under Federal Rule of Civil Procedure 23(e). Defendant does not oppose the motion.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.     Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement.

2.     This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Class Representatives and Defendant in the above-captioned case (the "Parties").

3.     The Court finds that the proposed Settlement Class, defined as follows, meets the requirements for certification for purposes of entry of judgment:

DocuSign Envelope ID: E7F03226-578D-4C33-AEC4-AFF1EDBEEA68

All individuals whose Personal Information was compromised as a result of the Data Incident, as identified on the Class List.[2]

4.      Specifically, the Court finds that the requirements of Rule 23(a) and 23(b)(3) are met:

    a.   The class is so numerous that joinder of all members is impracticable, as there are thousands of class members;

    b.   There are questions of law or fact common to the class based upon the claims raised in the lawsuit relating to the Data Incident that predominate over questions affecting only individual members;

    c.   The claims of the Class Representatives are typical of the claims of the Settlement Class as they arise from the Data Incident;

    d.   The Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to the Class and Class Counsel are experienced in complex class action litigation;

    e.   Questions of law or fact common to the Class Members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating this lawsuit.

5.      The Court therefore certifies the Settlement Class, appoints Plaintiffs as the Class Representatives, and appoints Lynn A. Toops of Cohen & Malad, LLP; Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; Benjamin F. Johns of Shub & Johns LLC; and J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC as Class Counsel.

---

[2] "Data Incident" means the incident discovered by Defendant on or around July 6, 2022, and first publicly announced by Defendant on or around November 28, 2022, in which the personally identifying information and protected health information (collectively, "Personal Information") of persons whose medical claims were processed by Defendant was exposed to, and may have been accessed by, unauthorized individual(s).

DocuSign Envelope ID: E7F03226-578D-4C73-AFC5-AFF1EDBEEA68

6.      The Court finds that notice of the proposed Settlement was provided to the Settlement Class and that the notice met the requirements of Rule 23 and Due Process.

7.      The Court finds that the terms of the Settlement represent a fair, reasonable, and adequate compromise under the circumstances of this case. Specifically, the Court finds that:

> (A) the Class Representatives and Class Counsel have adequately represented the Class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class appears adequate, taking into account:
> > (i) the costs, risks, and delay of trial and appeal;
> > (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> > (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> > (iv) no agreements were identified under Rule 23(e)(3); and
> (D) the proposal treats class members equitably relative to each other.

8.      The Court therefore grants final approval to the Settlement and directs the parties to the Settlement Agreement to perform and satisfy the terms and conditions that are triggered by such final approval. Specifically, the Court approves the plan for payment of the Net Settlement Fund, including payment of any uncollected funds to the cy pres recipient as set forth in the Settlement.

9.      Upon the occurrence of the Effective Date, the Class Representatives and the Class Members release and forever discharge Defendant and its insurers, and including but not limited to their current and former officers, directors, employees, attorneys and agents from all known and unknown claims, demands, damages, causes of action or suits seeking damages, or other legal or equitable relief

arising out of or in any way related to the claims asserted or which could have been asserted in this lawsuit relating to the Data Incident, pursuant to the terms of the Settlement Agreement.

10.    Upon the occurrence of the Effective Date, Defendant releases all claims of any kind or nature that have been or could have been asserted against the Class Representatives or Class Counsel relating to the claims in this lawsuit, or the filing or prosecution of any lawsuit relating to the claims, pursuant to the terms of the Settlement Agreement.

11.    The Court will separately enter a Judgment and Order of Dismissal.

Dated: _____        _____

Chief Judge Danny C. Reeves
United Stated District Court

DocuSign Envelope ID: E7F03226-578D-4C73-AEC1-AFF1EDBEEA62

# EXHIBIT F
# (PLAINTIFFS' PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND)

A Class Member may make a claim for either Out-of-Pocket Losses or for an Alternative Cash Payment (as those phrases are defined below[3]) from the Net Settlement Fund (as that phrase is defined in section 4.3 of the Settlement Agreement), but not both. Any claimant who is identified on the Class List as being eligible to receive a California Additional Cash Payment will automatically also receive a California Additional Cash Payment upon submission of a claim for either Out-of-Pocket Losses or for an Alternative Cash payment.

A Class Member may claim these benefits by submitting a completed Claim Form to the Settlement Administrator that is postmarked no later than the Deadline to Submit Claims or by submitting such a request by that deadline through the Settlement Website. All claims will be processed and validated as set forth in Section 4 of the parties' Class Action Settlement Agreement, which is incorporated by reference herein.

## A.   Claims for Out-of-Pocket Losses.

"**Out-of-Pocket Losses**" means unreimbursed out-of-pocket expenses incurred by a Class Member that are fairly traceable (as determined by the Settlement Administrator) to the Data Incident, including but not limited to: (i) bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), miscellaneous qualified expenses subject to explanation, such as postage, notary, fax, copying, mileage, and/or gasoline for local travel; (ii) fees for credit reports, credit monitoring,

---

[3] Any words or phrases defined in the parties' Class Action Settlement Agreement shall have the same meaning in this Exhibit F.

DocuSign Envelope ID: E7F03226-578D-4C33-AEC5-AFF1EDBEEA68

and/or other identity theft insurance product purchased between the date of the Data Incident and the Deadline to Submit Claims; and (iii) actual fraud that occurred between the date of the Data Incident and the Deadline to Submit Claims.

The Net Settlement Fund will pay all valid claims for Out-of-Pocket Losses up to $10,000 per claimant and up to one-half of the Net Settlement Fund for all claimants. If the amount of valid claims for Out-of-Pocket Losses exceeds one-half of the Net Settlement Fund, then each payment will be reduced pro rata until all payments total one-half of the Net Settlement Fund.

If a Class Member makes a claim for Out-of-Pocket Losses that the Settlement Administrator determines is not valid or is valid for only an amount less than the Alternative Cash Payment Amount (defined below), then the claim shall be treated as a valid claim for the Alternative Cash Payment, rather than for Out-of-Pocket Losses.

**B.      Claims for an Alternative Cash Payment and for California Additional Cash Payment.**

"**Cash Payment Fund**" means the Net Settlement Fund less all amounts to be paid for valid claims for Out-of-Pocket Losses. The Cash Payment Fund will be used to pay all Alternative Cash Payments and California Additional Cash Payments.

"**Alternative Cash Payment**" means a cash payment to be made in lieu of a payment for Out-of-Pocket Losses. The Net Settlement Fund will pay all valid claims for an Alternative Cash Payment on a pro rata basis per claim for an Alternative Cash Payment, after deducting the amount of California Additional Cash Payments due.

"**California Additional Cash Payment**" means a cash payment to be made to Class Members who are identified on the Class List as eligible for such payment and who make a valid claim for Out-of-Pocket Losses or for an Alternative Cash Payment. The Net Settlement Fund will pay each California Additional Cash Payment in an amount equal to one-half of the Alternative Cash Payment amount, in addition to the Alternative Cash Payment.

**C.     Cy Pres.**

After the Date Settlement Checks Expire, if there remain monies in the Net Settlement Fund, those monies will not revert to Defendant but will, after deduction of any final costs of administration, be paid to the Cy Pres Recipient(s) in the amount(s) set forth on the Key Terms Page.

# EXHIBIT G
# ([PROPOSED] FINAL JUDGMENT
# AND ORDER OF DISMISSAL)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## AT LEXINGTON

IN RE CORRECTCARE DATA BREACH
LITIGATION

Case No. 5:22-319-DCR

### [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter came before the Court for hearing pursuant to Plaintiffs'
application for final approval of the settlement set forth in the Settlement Agreement
dated March XX, 2024 (the "Settlement Agreement"). The Court has considered all
papers filed and proceedings held herein and is fully informed of these matters.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.      This Final Judgment and Order of Dismissal incorporates by reference
the definitions in the Settlement Agreement, and all capitalized terms used, but not
defined, herein shall have the same meanings as in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of this lawsuit and
jurisdiction over the Class Representatives and Defendant in the above-captioned
case (the "Parties").

3.      The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715,
have been satisfied.

4.      The Court finds that the proposed Settlement Class, defined as follows,
meets the requirements for certification for purposes of entry of judgment:

All individuals whose Personal Information was compromised as a result of the Data Incident.[4]

5.      Except as to any individual claim of those Persons (identified in Exhibit XX hereto) who have validly and timely requested exclusion from the Settlement Class ("Opt-Outs"), the Actions and all claims contained therein, as well as all of the Released Class Claims, against CorrectCare and Released CorrectCare Parties by the Plaintiffs and Releasing Class Parties are dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement and the orders of this Court.

6.      The Opt-Outs identified in Exhibit XX hereto have timely and validly requested exclusion from the Settlement Class and are excluded from the Settlement Class for all purposes, are not bound by this Final Judgment and Order of Dismissal, and may not make any claim or receive any benefit from the Settlement Agreement or any other settlement from which members of Settlement Class are entitled to recover.

7.      Upon the Effective Date: (i) Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released CorrectCare Parties (whether or not such Settlement Class Member executes and

---

[4] "Data Incident" means the incident discovered by Defendant on or around July 6, 2022, and first publicly announced by Defendant on or around November 28, 2022, in which the personally identifying information and protected health information (collectively, "Personal Information") of persons whose medical claims were processed by Defendant was exposed to, and may have been accessed by, unauthorized individual(s).

delivers a Proof of Claim and Release form) any and all Released Class Claims (including, without limitation, Unknown Claims); and (ii) Plaintiffs and each of the Settlement Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution of any of the Released Class Claims against any Released CorrectCare Parties in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind.  Claims to enforce the terms of the Settlement Agreement are not released.

8.    Upon the Effective Date, each of the Releasing CorrectCare Parties: (i) shall be deemed to have, and by operation of the Judgment and Order of Dismissal shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Plaintiffs' Counsel from any and all Released CorrectCare Parties' Claims (including, without limitation, Unknown Claims); and (ii) shall be permanently barred and enjoined from the commencement, assertion, institution, maintenance or prosecution against any counsel for Plaintiffs and Settlement Class Members in any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Defendants' Claims. Claims to enforce the terms of the Settlement Agreement are not released.

9.    The mailing and distribution of the Notice to all members of the Settlement Class who could be identified through reasonable effort and the publication of the Summary Notice satisfy the requirements of Rule 23 of the Federal

Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.

10.    Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Class Claim, or of any wrongdoing or liability of CorrectCare and the Released CorrectCare Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of CorrectCare and the Released CorrectCare Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Settlement Agreement may be filed in an action to enforce or interpret the terms of the Settlement Agreement, the Settlement contained therein, and any other documents executed in connection with the performance of the Settlement embodied therein. CorrectCare and the Released CorrectCare Parties may file the Settlement Agreement and/or this Final Judgment and Order of Dismissal in any action that may be brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

DocuSign Envelope ID: E7F03226-578D-4C33-AEC4-AFF1EDBEEA68

11.     Without affecting the finality of this Final Judgment and Order of Dismissal in any way, this Court retains continuing and exclusive jurisdiction over: (a) implementation and enforcement of the terms set forth in the Settlement Agreement; (b) any award, distribution, or disposition of the Settlement Fund, including interest earned thereon; (c) hearing and determining applications for attorneys' fees, costs, expenses including expert fees, and incentive awards; and (d) all Settling Parties, Released Parties, and Releasing Parties for the purpose of construing, enforcing, and administering the Settlement Agreement.

12.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Order and Judgment of Dismissal shall be rendered null and void and shall be vacated. In such event, all orders entered and releases delivered in connection herewith shall be null and void, and the Settling Parties shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and, except as otherwise expressly provided herein, the Settling Parties shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered.

13.     The Parties are directed to consummate the Settlement according to the terms of the Settlement Agreement. Without further Court order, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

14.     There is no just reason for delay in the entry of this Final Judgment and Order of Dismissal. The Clerk of the Court is directed to enter this Final Judgment

DocuSign Envelope ID: E7F03226-578D-4C73-AFC1-AFF1EDBEEA62

and Order of Dismissal pursuant to Rule 54(b) of the Federal Rules of Civil Procedure

immediately.

**THERE BEING NO JUST REASON FOR DELAY, LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:

_____
Chief Judge Danny C. Reeves
United Stated District Court

6