**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF KENTUCKY AT
LEXINGTON**

| | |
|---|---|
| IN RE CORRECTCARE DATA BREACH LITIGATION | Case No. 5:22-319-DCR |

### [PROPOSED] PRELIMINARY APPROVAL ORDER

Plaintiffs, Virginia Hiley, Christopher Knight, Kyle Marks, and Marlena Yates, and Defendant, CorrectCare Integrated Health, LLC, have entered into a proposed Class Action Settlement Agreement (the "Settlement"). Plaintiffs have moved the Court to grant preliminary approval to the Settlement under Federal Rule of Civil Procedure 23(e), to approve the form and method for giving notice of the proposed Settlement to the Settlement Class, and to schedule a final approval hearing on the Settlement after the deadlines to object to, or opt out of, the Settlement have passed. Defendant does not oppose the motion.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement.

2. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Class Representatives and Defendant (the "Parties").

3. The Court finds that the Court will likely be able to certify the proposed Settlement Class for purposes of entry of judgment, defined as:

All individuals whose Personal Information was compromised as a result of the Data Incident, as identified on the Class List.1

4. Specifically, the Court finds that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) appear to be met:

   a. The class is so numerous that joinder of all members is impracticable, as there are thousands of class members;

   b. There are questions of law or fact common to the class based upon the claims raised in the lawsuit relating to the Data Incident that predominate over questions affecting only individual members;

   c. The claims of the Class Representatives are typical of the claims of the Settlement Class as they arise from the Data Incident;

   d. The Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to the Class and Class Counsel are experienced in complex class action litigation;

   e. Questions of law or fact common to the Class Members predominate over any questions affecting only individual members and a class action is superior to other available methods for fairly and efficiently adjudicating this lawsuit.

5. The Court finds that Plaintiffs are adequate Class Representatives and that Cohen & Malad, LLP; Milberg Coleman Bryson Phillips Grossman, PLLC; Shub & Johns LLC; Stranch, Jennings & Garvey, PLLC are competent Class Counsel. Therefore, the Plaintiffs listed above are appointed as the Class Representatives. Additionally, the Court finds that Lynn A. Toops of Cohen & Malad, LLP; Gary M.

---

1 "Data Incident" means the incident discovered by Defendant on or around July 6, 2022, and first publicly announced by Defendant on or around November 28, 2022, in which a server containing certain information (collectively, "Personal Information") of persons whose medical claims were processed by Defendant was exposed to, and may have been accessed by, unauthorized individuals

Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; Benjamin F. Johns of Shub & Johns LLC; and J. Gerard Stranch IV of Stranch, Jennings & Garvey, PLLC are appointed as Class Counsel.

6. The Court finds that the terms of the Settlement are within the range of a fair, reasonable, and adequate compromise under the circumstances of this case. Specifically, the Court finds that:

>   (A) the Class Representatives and Class Counsel have adequately represented the Class;
>   (B) the proposal was negotiated at arm's length;
>   (C) the relief provided for the class appears adequate, taking into account:
>       (i) the costs, risks, and delay of trial and appeal;
>       (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>       (iii) the terms of the proposed award of attorney's fees, including timing of payment; and
>       (iv) any agreement required to be identified under Rule 23(e)(3) (the parties have identified none); and
>   (D) the proposal treats class members equitably relative to each other.

7. The Court therefore preliminarily approves the Settlement and directs the parties to the Settlement Agreement to perform and satisfy the terms and conditions that are triggered by such preliminary approval.

8. The Court likewise approves the form and method of notice provided form the Settlement and finds that it complies with the applicable rules and the requirements of Due Process. Specifically, the Court finds that the form and method of notice (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights

3

to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States and Kentucky Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

9. The Court appoints Kroll Settlement Administration LLC, as Settlement Administrator and orders the Settlement Administrator and the Parties to implement the notice program set forth in the Settlement.

10. A final approval hearing (the "Final Approval Hearing") shall be held before the undersigned at _____o'clock, on _____, 2024, at 101 Barr Street, Lexington, KY 40507, or via video or teleconference, for the purpose of: (a) determining whether the Settlement Class should be finally certified for entry of judgment on the Settlement; (b) determining whether the Settlement Agreement is fair, reasonable, and adequate and should be finally approved; (c) determining whether a Final Approval Order should be entered; and (d) considering Class Counsel's application for an award of attorneys' fees and expenses. The Court may adjourn, continue, and reconvene the Final Approval Hearing pursuant to oral announcement without further notice to the Class, and the Court may consider and

grant final approval of the Settlement, with or without mmor modification and without further notice to the Class.

11.     Members of the Settlement Class shall be afforded an opportunity to request exclusion from the Class. A request for exclusion from the Class must comply with the requirements for form and timing set forth in the Detailed Notice included in the Settlement. Members of the Settlement Class who submit a timely and valid request for exclusion shall not participate in and shall not be bound by the Settlement. Members of the Settlement Class who do not timely and validly opt out of the Class in accordance with the Detailed Notice shall be bound by all determinations and judgments in the action concerning the Settlement.

12.     Class Members who have not excluded themselves shall be afforded an opportunity to object to the terms of the Settlement Agreement. Any objection must comply with the requirements for form and timing set forth in the Detailed Notice included in the Settlement.

13.     Any Class Member who does not make his or her objection known in the manner provided in the Detailed Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement Agreement.

14.     Any request for intervention in this action for purposes of commenting on or objecting to the Settlement Agreement must meet the requirements set forth above, including the deadline for filing objections, and also must be accompanied by

any evidence, briefs, motions or other materials the proposed intervenor intends to offer in support of the request for intervention.

15. Any lawyer intending to appear at the Final Approval Hearing must be authorized to represent a Class Member, must be duly admitted to practice law before this Court, and must file a written appearance. Copies of the appearance must be served on Class Counsel and counsel for Defendant.

16. Class Counsel shall file a motion for approval of the attorneys' fees, expenses, and service awards to be paid from the Settlement Fund, along with any supporting materials, on the deadline provided in the Settlement.

17. If the Settlement does not become effective or is rescinded pursuant to the Settlement, the Settlement and all proceedings had in connection therewith shall be without prejudice to the status quo ante rights of the Class Representatives and Defendant, and all Orders issued pursuant to the Settlement shall be vacated.

18. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**SO ORDERED.**

Dated:

                                                   Chief Judge Danny C. Reeves
                                                   United Stated District Court