UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| *In re CorrectCare Data Breach Litigation* | ) ) ) ) ) ) ) ) ) | Civil Action No. 5: 22-319-DCR<br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the plaintiffs' renewed motion for preliminary approval of the proposed Class Action Settlement Agreement (the "Settlement"). The Court denied the plaintiffs' prior motion for preliminary approval because there was insufficient information to determine whether the Settlement was fair enough to begin the class-notice process. Specifically, it was unclear whether the settlement funds would be distributed in a manner that would guarantee relief to class members with valid claims for alternative cash payments, as opposed to those seeking actual out-of-pocket expenses. The parties have now tendered a revised Agreement which includes additional information indicating that the Settlement is sufficiently fair to begin the notice process.

**I.**

Preliminary approval of a class-action settlement ensures that the settlement is sufficiently fair to begin the class-notice process. *Moeller v. Week Pubs., Inc.*, 646 F. Supp. 3d 923, 925 (E.D. Mich. 2022). The Court previously considered the guiding factors articulated under Rule 23(e)(2) of the Federal Rules of Civil Procedure and *Int'l Union, United Auto., Aerospace & Agricultural Implement Workers of America v. Gen. Motors Corp. ("UAW*

*v. GMC")*, 497 F.3d 615 (6th Cir. 2007), and determined that they were largely satisfied. However, because the parties' original proposal did not ensure that funds would exist to pay the claims of class members seeking alternative cash payments (as opposed to actual out-of-pocket losses), the Court could not conclude that the Settlement was fair to those class members.

The parties' revised Settlement remedies that problem. Although payments for out-of-pocket losses are still deducted from the Net Settlement Fund before any others, the out-of-pocket losses for all claimants is now limited to one-half of the Net Settlement Fund. [Record No. 86-2, p. 51] Further, if the amount of valid claims for out-of-pocket losses exceeds one-half of the Net Settlement Fund, then each payment will be reduced pro rata until all payments total one-half of the Net Settlement Fund. This revision to the Settlement ensures that money will be left in the Cash Payment Fund to pay claims of those class members seeking alternative cash payments. This revision, along with those the Court previously considered, favors approving the Settlement. [*See* Record No. 85.]

## II.

Rule 23(e) mandates that the Court must "direct notice in a reasonable manner to all class members who would be bound" by the proposed class settlement. Fed. R. Civ. P. 23(e)(1)(B). When, as here, the class is to be certified under Rule 23(b)(3), notice must be "the best notice practicable" and include "individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Notice must include the following, in "plain, easily understood language:"

    (1)    The nature of the action;
    (2)    The definition of the class certified;
    (3)    The class claims, issues or defenses;

(4) That a class member may enter an appearance through an attorney if the member so desires;
(5) That the court will exclude from the class any member who requests exclusion;
(6) The time and manner for requesting exclusion; and
(7) The binding effect of a class judgment on members under Rule 23(c)(3).

The parties' proposed plan satisfies this requirement. They have provided a "Summary Notice," which provides essential information concerning the nature of the class action, defines the class, describes the benefits that are available to class members, explains how to make a claim, and explains claimants' rights to object or opt out. [Record No. 86-1, pp. 21-22] The proposed notice plan appears to be the most practicable way to provide individual notice, as the Settlement Administrator, Kroll Settlement Administration, LLC, will email and/or mail the Summary Notice to all persons on the Class List.

The Settlement Administrator also will establish an URL agreed to by the parties' counsel (the "Settlement Website") on which a Detailed Notice and Claim Form will be posted. [*See id.* at pp. 23-36.] Additionally, the Settlement Administrator will establish a toll-free number and email address at which members of the Settlement Class may obtain information or contact the Settlement Administrator. Both the Summary Notice and Detailed Notice conspicuously alert members of the class of their rights to opt out and object to the Agreement and of the time within which they must exercise these rights.[1] Accordingly, the notice plan will be approved and the parties will be directed to begin the Notice Program according to the Schedule of Dates and Deadlines set forth in the Agreement. [*See* Record No. 86-2, p. 4.]

---

[1] These dates are blank in the templates provided to the Court but presumably will be completed following the issuance of this Memorandum Opinion and Order, based on the Schedule of Dates and Deadlines provided in the Agreement. [*See* Record No. 86-2, p. 4.]

## III.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. The plaintiffs' renewed motion for preliminary approval of class action settlement [Record No. 86] is **GRANTED**.

2. A final approval hearing is scheduled for **Monday, September 16, 2024**, beginning at the hour of **10:00 a.m.**, at the United States Courthouse in Lexington, Kentucky.

Dated: April 29, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky