SEP 5 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
( At Lexington)

Eastern District of Kentucky
FILED
SEP 05 2024
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

In re CorrectCare
Data Breach Litigation

Civil Action No.
5:22-319-DCR

CLASS MEMBER AMMON RA SUMRALL'S OBJECTIONS
TO THE PROPOSED SETTLEMENT AGREEMENT

Comes now Ammon Ra Sumrall, pro se, to file his objections
to the proposed settlement agreement in the case captioned
above. He further shows:

I. RELEVANT FACTS

In July 2024, relatives in Gary, Indiana informed me that they
had received correspondence addressed to me regarding this liti-
gation. The correspondence said, inter alia, that if i wanted to
file a claim that i had to use Class ID number 83047CY9M9VF2,
which i did. With the exception of the class representatives and
members on the California class list, these objections are made
in behalf of the rest of the class. Finally, i will not attend the
Final Approval Hearing, nor will i have a witness appear.

1

## II. OBJECTIONS

## A. THE SETTLEMENT AGREEMENT (Agreement) IS NOT FAIR

On April 1, 2024, the Court denied approval of the first proposed settlement agreement because the Court could not say that the relief was "adequate or that the Agreement treats class members equitably relative to each other." I submit that the current Agreement still does not treat class members equitably because it mandates that California class members receive two payments before non-California members get one. And more importantly, there has been no showing as to why California class members are even entitled to an additional payment.

In pertinent part, Section 10.6 (choice of law, forum, and stipulation of jurisdiction) of the Agreement establishes that the Agreement "shall be governed by the laws of the Commonwealth of Kentucky." If that is the case, then it makes no sense for California laws to be given special recognition in this case. Thus, it is inherently unfair to give some class members less money solely because we had the misfortune of not being incarcerated in California during the time relevant to this case.

## B. THE AGREEMENT DOES NOT TRY TO PROTECT CLASS MEMBERS WHO CHOSE THE ALTERNATIVE CASH PAYMENT

The Court acknowledged on page 13 of its April 1, 2024 order that each named plaintiff had alleged some type of "concrete harm" related to the data breach. Hence, the Agreement aims to

compensate victims of the data breach with as much as $10,000 if they can reasonably show that they spent that much to rectify their situations. But the Agreement does nothing to protect incarcerated people like me who doesn't know if our personal information has been misused, is being misused, or will be misused.

Given that the class is comprised of current and former prisoners, the Agreement should be modified to work for the long-term financial benefit of all class members. For instance, the Settlement Administrator could be required to find — with the Court's approval — a reputable investment firm to safely invest the money in the Settlement Fund. Such an endeavor could be done in a way that class members like me would have a share in a fund that not only works to multiply its value, but also be available to help us in a more meaningful way when we need it.

## C. THE AGREEMENT FAILS TO JUSTIFY A CY PRESS AWARD

There is no doubt that the money in the settlement fund belongs to the class. As such, a cy press distribution to a third party of unclaimed settlement funds is permissible only when it is not feasible to make further distributions to class members. Klier v. Elf Antochem North America, Inc., 658 F.3d 468, 475 (5th Cir. 2011). Indeed, the cy press option arises only if it is not possible to put those funds to their very best use: benefitting ~~class~~ the class members directly. Id.

Here, there has been no showing that unclaimed funds cannot

3

be distributed to class members who participated in the Settlement. But more importantly, there are so many ways that the Settlement Fund can be used to directly benefit the class, from investing in rental properties that all class members would have a share in, to investing in a financial instrument as suggested above. This could work if the Court retains jurisdiction of this case and proactively protect our interests.

i declare under penalty of perjury that the foregoing is true and correct.

August 28, 2024    Ammon RA Sumrall 719855
P.O. Box 397
Abbeville, GA 31001

# CERTIFICATE OF SERVICE

This is to certify that on the date signed below, i used sufficient first-class postage to mail the foregoing document to:

Mr. Gary M. Klinger
227 W. Monroe St,
Suite 2100
Chicago, IL 60606

Mr. Benjamin F. Johns
200 Barr Harbour Dr.
Suite 400
Conshohocken, PA 19428

Mr. J. Gerard Stranch, IV
223 Rosa Parks Ave.,
Suite 200
Nashville, TN 37203

Ms. Lynn A. Topps
One Indiana Square
Suite 1400
Indpls, IN 46204

Mr. Devin S. Anderson
95 S. State St.
Salt Lake City, UT 84111

August 28, 2024   Ammon Ra Samwell 718855
P.O. Box 397
Abbeville, GA 31001